UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KMF OAKLAND LLC,<br><br>        Plaintiff,<br><br>v.<br><br>BERNARDO ALCARAZ,<br><br>        Defendant. | Case No.  16-cv-03212-DMR<br><br><br>**ORDER REASSIGNING CASE TO DISTRICT JUDGE; AND REPORT AND RECOMMENDATION TO REMAND TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA** |

Defendant Bernardo Alcaraz removed this case pursuant to 28 U.S.C. § 1441 from Superior Court of California, County of Alameda, where it was pending as a complaint for unlawful detainer against Defendant.  The Notice of Removal states one ground for removal: that the Complaint presents a federal question such that the case could have originally been filed in this Court.  Notice of Removal ¶¶ 3, 7.

When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4).  The parties have not yet filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  Therefore, the court issues herein a Report and Recommendation and reassigns this case to a District Judge for final disposition, with the recommendation that summary remand be ordered.

**I.      DISCUSSION**

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted).  "[T]he presence or

United States District Court
Northern District of California

United States District Court
Northern District of California

1   absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which

2   provides that federal jurisdiction exists only when a federal question is presented on the face of the

3   plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998)

4   (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  That rule applies equally to

5   evaluating the existence of federal questions in cases brought initially in federal court and in

6   removed cases.  *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830

7   n.2 (2002).  Relevant for purposes here, a federal question exists only when it is presented by what

8   is or should have been alleged in the complaint.  *Id.* at 830.  The implication of a federal question

9   through issues raised by an answer or counterclaim does not suffice to establish federal question

10   jurisdiction.  *Id.* at 831; *see also ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl.*

11   *Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("[A] case may not be removed to federal

12   court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's

13   complaint, and even if both parties admit that the defense is the only question truly at issue in the

14   case." (citation omitted) (brackets in original)).

15        According to Defendant's Notice of Removal, "the underlying federal question in the

16   removed action is Defendant[']s right to be protected by 42 USC §§ 3604(a) and 3604(b) of the

17   Fair Housing Act in the removed State Court Action."  Notice of Removal ¶ 3.  The complaint that

18   Plaintiff KMF Oakland LLC filed in Alameda County Superior Court, however, simply alleges a

19   state cause of action under unlawful detainer.  Compl.  Whatever Defendant intends to argue in

20   response to this allegation does not give rise to removal jurisdiction.  *See Holmes Group*, 535 U.S.

21   at 831; *see also Nguyen v. Bui*, No. 12-501 HRL, 2012 WL 762156, at *2 (N.D. Cal. Feb. 21,

22   2012) (holding that affirmative defenses based upon Federal Truth in Lending Act and Real Estate

23   Settlement Procedures Act do not confer federal jurisdiction upon state unlawful detainer claim).

24   **II.    CONCLUSION**

25        For the reasons above, the court recommends that this action be remanded to the Alameda

26   County Superior Court.  The Clerk is directed to reassign this case to a District Judge.

27        Any party may file objections to this report and recommendation with the district judge

28   within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a);

2

1    N.D. Cal. Civ. L.R. 72-2.

2          **IT IS SO ORDERED.**

3    Dated: July 6, 2016

4    _____
                                    Donna M. Ryu
5                                   United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

IT IS SO ORDERED

Donna M. Ryu

3